CAPITAL MOTION PICTURE SUPPLY CORPORATION, A CORPORATION, PLAINTIFF-APPELLANT. v. MAPES-BERGEN AMUSEMENTS, INCORPORATED, A CORPORATION, DEFENDANT-RESPONDENT.

Submitted May 29, 1936—Decided October 2, 1936.

For the plaintiff-appellant *Benjamin Potoker*.

For the defendant-respondent, *Schotland & Schotland*.

The opinion of the court was delivered by

WELLS, J.   The plaintiff, Capital Motion Picture Supply Corporation, sued in replevin to recover certain parts of the equipment of a motion picture projector.   These parts had been sold by the plaintiff to the F. & P. Amusement Corporation, the lessee of a theatre, under a conditional sales agreement, dated April 4th, 1935, which was duly recorded.   Subquently the lessee was dispossessed from the premises, and also defaulted in its payments under the conditional sales agreement.   Shortly thereafter one Dr. Louis Reich, holding real estate mortgages on the theatre and a chattel mortgage on its equipment given to him April 16th, 1927, by the then owner, foreclosed the same and at the sales purchased the said theatre and equipment, including the parts in dispute. Later Dr. Reich sold and conveyed the theatre and its equipment to the defendant, Mapes-Bergen Amusements, Incorporated, upon which the plaintiff made its demand for the return of the chattels in question.   The refusal of defendant to comply with such demand was based upon the contention

that title to the chattels had come direct to the defendant by way of purchase from Dr. Reich, who had in turn purchased the real estate, as well as the goods and chattels contained therein, under the said foreclosure sales. Defendant also contended that the chattels had become a part of the realty and hence were governed by the provisions of section 7 of the Conditional Sales act (*Pamph. L.* 1919, *ch.* 210, *p.* 461; 2 *Comp. Stat.* 1911-1924, *p.* 3130), and that the failure of the plaintiff to file as required by said act, a statement signed by him as seller, containing a brief description of the real estate and stating that the goods are or are to be affixed thereto, and the failure to include in said statement the name of the record owner of said realty as required by section 10 of chapter 299, *Pamph. L.* 1931, made the reservation of property void as to the defendant, a subsequent purchaser of the realty for value and without notice of the plaintiff's title.

The trial judge, sitting without a jury, found that the chattels had become part of the realty and that the plaintiff had failed to comply with section 7 and hence the reservation of title was void as against the defendant. Therefore a judgment was entered for the defendant.

The plaintiff brings this appeal, assigning as grounds for reversal: (1) that the trial court erred in finding that the chattels in question became affixed to the realty so as to become a part thereof, on the ground that there was no evidence sufficient to support such a finding; (2) that the plaintiff was not obliged to comply with section 7 of the Uniform Conditional Sales act; (3) that the conditional sales agreement in question, notwithstanding the fact that it was unnecessary in this particular case, does contain a statement therein by the plaintiff as conditional vendor which complies with section 7: (4) that the court erred in finding that defendant was a subsequent purchaser of the realty for value and without notice of the plaintiff's title.

Our examination of the record leads us to the conclusion that while the evidence as to whether the chattels in question were so affixed to the realty as to become a part thereof was conflicting, yet the finding by the trial judge that they were

so affixed was amply supported by the testimony. We have repeatedly held that the findings of fact by a trial judge sitting without a jury settles the facts, and that when such findings of fact are supported by evidence they are not reviewable on appeal. *Bound Brook Stove Works* v. *Ellis et al.*, 98 *N. J. L.* 523, and cases therein cited.

Likewise, we are of the opinion that the statement contained in the conditional sales agreement itself that "the said property shall be delivered by the seller to the custody of the purchaser at Park Theatre, 1025 Bergen St., Newark, N. J., and is to be there held, kept and not removed therefrom without the written consent of the said seller," does not meet the requirements of that part of section 7 which provides that "if the goods are so affixed to realty at the time of a conditional sale, or subsequently, as to become part thereof, but to be severable without material injury to the freehold, the reservation of property shall be void after the goods are so affixed as against subsequent purchasers of the realty for value and without notice of the conditional seller's title, unless the conditional sale contract, or a copy thereof, together with a statement signed by the seller briefly describing the realty and stating that the goods are or are to be affixed thereto, shall be filed before such purchase in the office where a deed of the realty would be recorded or registered to affect such realty."

The mere filing of the contract, without the filing of an accompanying statement signed by the seller briefly describing where the real estate was located and that the goods were or were to be affixed thereto was not sufficient to protect title to the goods in the plaintiff-seller as against the defendant, a subsequent purchaser of the real estate. *General Motors Acceptance Corp.* v. *Capital Associates, Inc.*, 108 *N. J. L.* 421; *affirmed*, 110 *Id.* 61.

The contract itself furnished no information to a prospective purchaser of the real estate that the equipment was already affixed or was to be affixed to the real estate, and there was no evidence that the defendant had any knowledge of the rights of the respective parties to the conditional sales contract except that which might be imputed to it by the filing thereof with the register of deeds.

It is apparent that at the time of the filing of the conditional sales agreement the plaintiff believed that the chattels were and would continue to be personalty, and it accordingly made no effort to comply with the requirements of section 7. The finding as a fact by the trial judge that the goods and chattels were so affixed as to become part of the real estate made it necessary for plaintiff to prove, as a part of its case, compliance with section 7 in order to escape the consequence of having the attempted reservation of title to the goods and chattels in question declared void as against the defendant. This, the trial judge found, the plaintiff failed to do, and with this finding we are in accord.

Finally, we find no merit in appellant's argument that the defendant was not a subsequent purchaser of the realty for value because "the defendant's assignor, Dr. Reich," had not relied upon the chattels in question as part of his security at the time he took his real estate mortgage. We need only point out that the defendant took title as a purchaser of the real estate and not as an assignee of the mortgage originally held by Dr. Reich.

Finding no error, the judgment below will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ. 15.

*For reversal*—None.